UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

TINA GUHL,

    Plaintiff,

vs.

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, Tina Guhl ("GUHL"), by and through the undersigned counsel, hereby sues Hartford Life and Accident Insurance Company ("HARTFORD") and alleges:

## PRELIMINARY ALLEGATIONS

1. "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under and employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, pre-judgment and post-judgment interest, reinstatement of plan benefits at issue

herein, and attorney's fees and costs.

2. GUHL was at all times relevant a plan participant under the TJX Companies, Inc. ("TJX") Long Term Disability Policy, Group No.: GLT675896 ("LTD" Plan). A copy of the LTD Plan is contained within the administrative record.

3. Defendant, HARTFORD, is a corporation with its principal place of business in the State of Connecticut, authorized to transact and transacting business in the Southern District of Florida. HARTFORD is the insurer of benefits under the TJX LTD Plan and acted in the capacity of a plan administrator. As the decisionmaker and payor of plan benefits, HARTFORD administered the claim with a conflict of interest and the bias this created affected the claims determination.

4. The HARTFORD LTD Plan is an employee welfare benefit plan regulated by ERISA, established by TJX, under which GUHL was a participant, and pursuant to which GUHL is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, GUHL is entitled to LTD benefits for the duration of the Plaintiff's disability, for so long as GUHL remains disabled as required under the terms and conditions of the LTD plan.

5. Venue is proper in this district under 29 USC 1132 (e)(2), in that defendant, HARTFORD, is authorized to and is doing business within the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

6. GUHL incorporates by reference all preceding paragraphs as though fully set

forth herein.

7. At all times relevant, GUHL was an employee or former employee of TJX and a plan participant under the terms and conditions of the LTD Plan.

8. Prior to disability GUHL worked as an Operations Manager for Marshalls, one of the stores under the TJX umbrella.

9. During the course of GUHL's employment, GUHL became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, while GUHL was covered under the LTD Plan, GUHL suffered a disability rendering her disabled as defined under the terms of the LTD Plan, the nature of which is discussed in detail within the administrative record.

10. Pursuant to the terms of the LTD Plan, GUHL made a claim to HARTFORD for LTD Plan with a date of disability of May 6, 2012.

11. Pursuant to the LTD Plan, and as it relates to GUHL's current claim for disability benefits, Disability or Disabled is defined to mean, *you are prevented from performing one or more of the essential duties of* : 1) Your Occupation during the Elimination Period; 2) Your Occupation, for the 24 months following the Elimination Period, and as a result your current monthly benefits are less than 80% of your indexed pre-disability earnings; and thereafter 2) Any Occupation.

12. Essential Duty is defined to mean a duty that: 1) is substantial, not incidental; 2) is fundamental or inherent to the occupation; and 3) cannot be reasonably omitted or changed.

13. Any Occupation means any occupation for which You are qualified by education, training or experience, and that has an earnings potential greater than lesser of

(1) the product of your Indexed Pre-disability earnings and the Benefit Percentage; or (2) the Maximum Monthly Benefit.

14. GUHL's claim is current under the Any Occupation definition of disability.

15. Following the elimination period HARTFORD approved GUHL's claim for long term disability benefits with an effective date of October 7, 2012, as Hartford had deemed GUHL to be disabled from performing the duties of her pre-disability own occupation as with TJX.

16. On August 1, 2014, GUHL was notified by the Social Security Administration that her claim for Social Security Disability benefits had been approved.

17. On or about October 6, 2014, HARTFORD determined that GUHL was disabled under the "any occupation" standard of disability.

18. On January 8, 2020, HARTFORD contacted GUHL's treatment provider to seek clarification as to whether GUHL's doctor believed she could perform at a Sedentary physical demand level.

19. GUHL's doctor advised HARTFORD that he disagreed with HARTFORD's assertion that GUHL could perform on a full time basis at a Sedentary demand level.

20. In response to GUHL's doctor's opinion, HARTFORD arranged for GUHL to undergo an Independent Medical Examination (IME) on February 19, 2020, with Paul Kim, MD.

21. Based on the IME, Dr. Kim determined GUHL had restrictions and limitations that HARTFORD argued placed GUHL at the ability to work at a Sedentary demand level.

22. On March 5, 2020, HARTFORD asked GUHL's treating doctor if he agreed

with the opinion of Dr. Kim, to which GUHL's doctor indicated he agreed with Dr. Kim's IME conclusions.

23. On March 17, 2020, HARTFORD notified GUHL it was terminating her claim for continued LTD Benefits.

24. On September 25, 2020, GUHL filed her administrative appeal to HARTFORD's denial.

25. As part of her appeal GUHL argued that Dr. Chin's IME findings supported disability in that the IME restrictions placed her below a Sedentary demand level

26. GUHL also included the results of a Functional Capacity Examination, dated September 22, 2020, which indicated she would not be able to safely work at a Sedentary level on a full time basis.

27. On appeal HARTFORD had GUHL's file reviewed by two peer review doctors who never examined GUHL.

28. Based on the opinions of the peer review doctors, HARTFORD notified GUHL on December 2, 2020, that it was upholding the denial of her claim for LTD benefits.

29. GUHL has exhausted all administrative remedies.

30. HARTFORD breached the LTD Plan and violated ERISA in the following respects:

    a. Failing to pay LTD benefits to GUHL at a time when HARTFORD and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as GUHL was disabled and unable to work and therefore entitled to benefits.

  b. After GUHL's claim was denied in whole or in part, HARTFORD failed to adequately describe to GUHL any additional material or information necessary for GUHL to perfect her claim along with an explanation of why such material is or was necessary.

  c. HARTFORD failed to properly and adequately investigate the merits of GUHL's disability claim and failed to provide a full and fair review of GUHL's claim.

31. GUHL believes and alleges that HARTFORD wrongfully denied her claim for LTD Benefits under the LTD Plan by other acts or omissions of which GUHL is presently unaware, but which may be discovered in this future litigation and which GUHL will immediately make HARTFORD aware of once said acts or omissions are discovered by GUHL.

32. As a proximate result of the aforementioned wrongful conduct of HARTFORD under the LTD Plan, GUHL has damages for loss of disability benefits in a total sum to be shown at the time of trial.

33. As a further direct and proximate result of this improper determination regarding GUHL's claims for benefits, GUHL, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), GUHL is entitled to have such fees and costs paid by HARTFORD.

34. The wrongful conduct of HARTFORD has created uncertainty where none should exist; therefore, GUHL is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, Tina Guhl prays for relief against the Hartford Life and Accident Insurance Company as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of her disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: May 5, 2021

>ATTORNEYS DELL AND SCHAEFER, CHARTERED
>Attorneys for Plaintiff
>2404 Hollywood Boulevard
>Hollywood, FL 33020
>(954) 620-8300
>
>  /s/ *Stephen F. Jessup*
>STEPHEN F. JESSUP, ESQUIRE
>Florida Bar No.: 0026264
>Email: stephen@diattorney.com